UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL RODINO, on behalf of himself and others similarly situated, | ) | |
| | ) | 18 C 5167 |
| Plaintiff, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | |
| NRJM, INC. and RAY MONTEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff's motion for a ruling [96] is granted. The order implementing the settlement approval, Doc. 88, is set forth below. This case is dismissed without prejudice, and the dismissal will convert automatically to a dismissal with prejudice once the settlement procedures outlined in the settlement agreement are concluded. Civil case closed.

**<u>STATEMENT</u>**

The court stated on the record the grounds for granting in part—with the sole exception being class counsel's request for attorney fees, which did not comply with governing Seventh Circuit precedent regarding how to treat settlement administration costs—Plaintiff Paul Rodino's unopposed motion for final settlement approval. Doc. 88 (incorporating the court's oral ruling at Doc. 75). The court asked class counsel to submit a proposed order implementing the court's ruling. The proposed order that class counsel submitted did not correspond with the court's direction as to how the attorney fee award should account for settlement administration costs. This was the second time during this litigation that class counsel urged the court to handle the class settlement in a manner that did not comply with governing standards. Doc. 70 (denying Plaintiff's first motion for final settlement approval because it proposed a self-described "hybrid" mechanism that would not have entailed class certification or a proper opt-out opportunity); *cf*. Fed. R. Civ. P. 23(g)(4).

"In a certified class action, the court may award reasonable attorney's fees … that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). When it comes to approval of class action settlements, the Seventh Circuit has "described the district judge as a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries." *Pearson v. NBTY, Inc.*, 772 F.3d 778, 780 (7th Cir. 2014) (internal quotation marks omitted). It follows that "the judge must assess … the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class members." *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014). "The simple and obvious way for the judge to correct an excessive attorney's fee for

a class action lawyer is 'to increase the share of the settlement received by the class, at the expense of class counsel.'" *Pearson*, 772 F.3d at 786 (quoting *Redman*, 768 F.3d at 632).

Class counsel request a fee award of one-third of the entire $915,000 settlement, Doc. 62 at 1; Doc. 67 at 3-4, which comes to $305,000, Doc. 86 at 8; Doc. 86-1 at ¶ 4(A). As the Seventh Circuit has directed, however, "[t]he ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman*, 768 F.3d at 630. The denominator does not include settlement administration expenses. *See Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 833 n.25 (7th Cir. 2018). Accordingly, after subtracting administrative expenses ($13,000), the denominator is $902,000. Applying counsel's requested one-third ratio to that amount, which is appropriate for settlements of this size, *see id*. at 833-34, 834 n.25, yields a fee of $300,666.67. That is nearly three times class counsel's lodestar of $112,708, Doc. 86 at 24; Doc. 86-2 at ¶ 16, so class counsel cannot reasonably argue that subtracting the $13,000 in settlement administration expenses from the denominator imposes an unfair burden on them. Class counsel also is entitled to recover $6,272.11 in expenses. Doc. 86 at 24; Doc. 86-2 at ¶ 19.

The court certifies this class: all current and former delivery drivers employed from July 30, 2015 until April 5, 2019, at the NRJM Domino's stores owned, operated, and/or controlled by Defendants. The court appoints Biller & Kimble, LLC, Maduff & Maduff, LLC, and The Law Firm of Michael Fradin as class counsel. Named plaintiff Rodino is granted a $10,000 incentive award. The court approves the expenditure of $13,000 for settlement administration expenses. The amount left for distribution to the absent class members, $585,061.22 ($915,000 minus $13,000 minus $300,666.67 minus $6,272.11 minus $10,000), should be distributed among the absent class members in the manner set forth in the parties' settlement agreement, and class members shall be bound by the settlement agreement's terms.

December 22, 2020

United States District Judge